FRANCIS M. WOODSMALL, Respondent, v. MERCANTILE TOWN MUTUAL INSURANCE COMPANY, Appellant.

**Kansas City Court of Appeals, April 27, 1903.**

**Insurance:** OWNERSHIP: MORTGAGE: APPLICATION FILLED BY AGENT. Where an application was signed in blank by the insured and filled out by the agent so as to show plaintiff to be the absolute owner when he knew of a mortgage on the premises, the insurer can not avail himself of the stipulation avoiding the policy on account of the mortgage.

Appeal from Adair Circuit Court. — *Hon. Nat. M. Shelton,* Judge.

AFFIRMED.

*Fyke Bros., Snider & Richardson* for appellant.

(1) The contracts of insurance in Missouri for town mutual companies are required by the laws of the State to be in writing and all the terms thereof must be in writing—other agreements or waivers can not be made. R. S. 1899, sec. 8091. (2) The existence of the chattel mortgages in question, without recognition thereof on the policy, rendered the same void in so far as the item applying to the mortgaged

property is concerned. Hubbard v. Ins. Co., 57 Mo. App. 1; Daugherty v. Ins. Co., 67 Mo. App. 526.

*Campbell & Ellison* for respondent.

(1) Ross-Lanford v. Mercantile Town Mut. Ins. Co., decided by this court on December 1, 1902, completely disposes of the defense interposed in this case. (2) Where the agent of an insurance company who effects the insurance is apprised of the existence of an incumbrance, the company is estopped to defend because of the incumbrance. Breckinridge v. Ins. Co., 87 Mo. 62; Thomas v. Ins. Co., 20 Mo. App. 150.

ELLISON, J.—This is an action on a policy of fire insurance. The judgment in the trial court was for the plaintiff.

It appears that the subject of insurance was personal property and that plaintiff described himself in his application as the absolute owner, and that the policy contained a provision stating that if he was not the absolute and unconditional owner the policy should be void. That there was a chattel mortgage on the property which the agent of the company who effected the insurance and issued the policy knew at the time. In point of fact, the plaintiff signed the application in blank and the agent himself filled it out stating plaintiff to be the absolute owner when he knew to the contrary; that is, he knew of the mortgage. Besides authorities cited in plaintiff's brief, the recent case of Ross v. Ins. Co., 97 Mo. App. 79, practically disposes of this case in plaintiff's favor.

The judgment is affirmed. All concur.